UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA UNIVERSITY CHAPTER <br> OF TURNING POINT USA, and <br> KYLE REYNOLDS, <br> <br> Plaintiffs, <br> v. <br> <br> CITY OF BLOOMINGTON, INDIANA, <br> ADAM WASON, in his official capacity as <br> Director of Public Works for the City of <br> Bloomington, and KYLA COX DECKARD, <br> BETH H. HOLLINGSWORTH and DANA <br> HENKE in their official capacities as members <br> of the Board of Public Works of the City of <br> the Bloomington, Indiana, <br> <br> Defendants. | Case No. 1:22-cv-00458-SEB-TAB |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**I. Introduction**

In their Reply Brief in support of their Motion for a Preliminary Injunction, Plaintiffs submitted new documentary evidence and legal arguments not raised in their original brief. Additionally, between the time Defendants filed their Response Brief and when Plaintiffs filed their Reply Brief, the United States Supreme Court issued its decision in *Shurtleff v. City of Boston, Massachusetts*, 142 S. Ct. 1583 (2022), which address the government speech doctrine at issue in this case. Defendants filed an *Unopposed Motion for Leave to File Supplemental Briefing* to discuss the implications of *Shurtleff* and to address rebuttal evidence submitted with Plaintiff's Reply Brief. On June 17, 2022, the Court signed an order granting Defendants' request to file a supplemental brief. That order was entered CM/ECF on 6/21/2022 at 3:52 PM EDT and distributed to counsel of record at that time.

1

## II.     Argument

**1. Plaintiffs' newly submitted evidence and arguments raised in their Reply Brief, should be stricken.**

In their Reply Brief, Plaintiffs submitted evidence of, and relied upon, four street paintings from 2017 to 2021, which were unrelated to the Black Lives Matter ("BLM") murals. Plaintiffs argued that those four paintings are evidence that the City created a public forum on the pavement of City streets. Plaintiff submitted this argument and evidence for the first time in their Reply Brief. "[N]ew arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *GEFT Outdoor, L.L.C. v. City of Westfield*, 491 F. Supp. 3d 387, 396 (S.D. Ind. 2020) (quoting *Reis v. Robbins*, 2015 WL 846526, at *2, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015)).

Plaintiffs filed their Complaint asserting claims of view-point discrimination between Plaintiffs' proposed All Lives Matter mural and the City's BLM murals. In their Complaint, Plaintiff's asserted that the IU Homecoming Parade, the Middle Way House "Wrapped in Love" event and the BLM Murals "illustrate[d] that the City through the Board [of Public Works] has created a practice or policy of allowing encroachments which contain messages with which the City agrees." [Dkt 1-1, ¶¶ 24-28] Plaintiffs then filed their Motion for a Preliminary Injunction based on their assessment that they could prevail on the merits of their First Amendment claim by offering evidence of those three encroachments.

In their opening brief, Plaintiffs argued "Defendants created at least a designated public forum through their right-of-way art policy by allowing citizens to express themselves on public property, including other public rights-of-way." [Dkt. 6, PageID # 293] Plaintiffs again cited to the BLM murals, the Middle Way House "Wrapped in Love" event, and the IU Alumni

Association Homecoming Parade. [Dkt. 6, PageID #288] Plaintiffs did not identify any other events they contended showed that the City created a public forum.

In response, Defendants addressed each of those three events. Defendants showed that the Middle Way House "Wrapped in Love" event and the Homecoming Parade were not relevant to this analysis because "the forum or medium at issue here is a painting on the surface of a city street" and neither the Homecoming Parade, nor the Wrapped in Love event was consistent with that forum or medium. *See* [Dkt. 18, PageID # 522] The City also showed that the BLM murals did not create a public forum because they were government speech.

Rather than responding to the argument that the Wrapped in Love event and the parade were not relevant because they were not consistent with the forum or medium at issue, Plaintiffs, argued that *other* (*not previously mentioned*) street paintings or murals provided evidence that the City created a public forum. Those other street paintings were mentioned for the first time in their Reply Brief. In Section I of their Reply Brief, Plaintiffs relied heavily on their newly designated evidence to argue that the City created a public forum. [*See* Dkt. 23, Page ID #721-724] Plaintiffs advised the Court that they had obtained the information about those street paintings from public documents that are readily available on-line. [Dkt. 22-14] Plaintiffs made no showing (and did not suggest) that those documents or that information was not available to Plaintiffs prior to the filing of their opening brief. [*See* Dkt. 22-14]

By relying on newly designated evidence in their Reply Brief and making new arguments based on that evidence, Plaintiffs are now providing an entirely different set of facts or events to support their contention that the City created a public forum. Plaintiffs' Reply Brief seeks to present a new factual context for the Court's consideration of the Motion for Preliminary Injunction, different from the factual context asserted in its Complaint and original brief. That is

not properly done in a reply brief. *See GEFT Outdoor, L.L.C.*, 491 F. Supp. 3d at 396. All newly designated evidence and all arguments based on that newly designated evidence in Plaintiffs' Reply Brief should be stricken.

If that evidence is not stricken, Defendants request that this Court establish a new briefing schedule to provide Defendants an opportunity to address the newly designated evidence and arguments in Plaintiffs' Reply Brief. Defendants should not be required to re-brief this matter in response to new arguments and evidence submitted for the first time in a reply brief, without knowing if the new evidence or argument will be stricken. If the new evidence and arguments in Plaintiffs' Reply Brief are accepted into the record, Defendants anticipate submitting evidence to show the four non-BLM street paintings were government speech, shaped and controlled by the City. To do so, Defendants will have to submit additional written evidence and sworn statements, which will likely result in Plaintiffs seeking to submit a sur-surreply brief to address the Defendants' evidence.[1]

"Courts allow a surreply brief only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response." *See Id*. Here, if the new evidence and arguments in the Reply Brief are not stricken, a surreply brief limited to addressing the new argument and evidence based on the non-BLM street paintings is appropriate.

---

[1] This briefing and re-briefing illustrates the practical impact of offering newly designated evidence and arguments in a reply brief. Doing so opens up the parties and the Court to additional briefing that would not have been required if the moving party used its reply brief to just reply to arguments, not make new arguments.

### 2. The Supreme Court's Decision in *Shurtleff v. City of Boston* supports the denial of the Motion for a Preliminary Injunction.

In *Shurtleff v. City of Boston*, the plaintiff alleged the City of Boston's refusal to fly a private religious organization's flag depicting a cross on a city flagpole violated the organization's First Amendment right to free speech. The City of Boston argued that its flag-raising program constituted government speech that was not subject to the First Amendment free speech clause. In its decision issued on May 2, 2022, the Supreme Court, in the majority opinion authored by Justice Stephen Breyer stated, "In answering these questions, **we conduct a holistic inquiry** designed to determine whether the government intends to speak for itself or to regulate private expression. ***Our review is not mechanical; it is driven by a case's context rather than the rote application of rigid factors***." Shurtleff v. City of Boston, Massachusetts, 142 S. Ct. 1583, 1589-1590 (2022) (emphasis added).

The decision in *Shurtleff* is relevant to the analysis of the issue presented in this case on two key points. First, the Supreme Court explained that while the overall history of the forum or medium of the speech at issue is relevant, a district court must also look at *the specific* program or expression at issue. *See Shurtleff*, 142 S. Ct. at 1591 ("…we must examine the details of *this* flag-flying program.") (emphasis in original). Second, the Supreme Court explained that a district court must conduct a holistic inquiry, and not a mechanical or rigid review of the three factors identified in prior Supreme Court decisions.

As shown in Defendants' Response Brief, the overall history of painting on the surface of a city street supports the finding that the painting is governmental speech because painted messages on city streets are traditionally forums or mediums for government speech, not private speech. *See Women for Am. First v. de Blasio*, 520 F. Supp. 3d 532, 543 (S.D.N.Y. 2021) ("[T]he surfaces of public streets are not traditional public fora for the dissemination of private speech.")

[Dkt. 18, PageID # 522-523] But in addition to the overall history supporting a finding of government speech, the specific street mural project at issue here – the BLM street mural project – supports a finding that the murals were governmental speech. The evidence in the record details the City's public discussion, resolution, and determination to display its condemnation for racism and its support of Black and Brown residents who had been fighting for justice for too long. The record also shows that the City opted to display its message of support by selecting artists to paint two or three BLM street murals.

The three BLM street murals were completed in October 2020, April 2021, and July 2021. In their briefing, Plaintiffs do not dispute that the BLM murals painted in October 2020 and April 2021 were government speech. Additionally, Plaintiffs acknowledge that the original discussion of the BLM street mural project included discussion of "having three murals in the community" [Dkt 23, PageID # 736]. Nonetheless, Plaintiffs ask this Court to consider the third and last BLM mural as being separate from the overall BLM project that began in July 2020. However, to reach that conclusion, Plaintiffs ask this court to take a rigid and mechanical review of certain factors, which the Supreme Court has now warned against in *Shurtleff*.

Plaintiffs argue that instead of taking the holistic approach and looking at the project as a whole (including the City's intention from the beginning to work with local artists to create two or three BLM street murals), this Court should conduct a mechanical review of the documents related to each of the three BLM street murals. [Dkt. 23, PageID # 221] Plaintiffs argue that because the City did not issue a press release, hold a public dedication ceremony, or adopt a formal resolution in connection with the third BLM mural, that mural is somehow disconnected from the overall BLM street mural project. Not only is there no requirement that a city issue a press release,

hold a public dedication ceremony, or adopt a formal resolution, but *Shurtleff* warns against taking such a rigid approach to considering what constitutes government speech.

### III. Conclusion

Consistent with the evidence properly in the record, and the application of and guidance provided in *Shurtleff*, Plaintiffs' Motion for a Preliminary Injunction should be denied.

Respectfully submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
Attorney for Defendants
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June 2022, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operations of the Court's Electronic filing system.

William Bock, III
wbock@kgrlaw.com
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204

*Liberty L. Roberts*
Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T:  (317)773-2190 / F:  (317)773-5320
Email:  LRoberts@cchalaw.com