UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA UNIVERSITY CHAPTER OF TURNING POINT USA, et al., ) ) ) Plaintiffs, ) ) v. ) ) CITY OF BLOOMINGTON, INDIANA, et al., ) ) ) ) Defendants. ) | No. 1:22-cv-00458-SEB-TAB |

**ORDER**

Currently pending before the Court is Plaintiffs' Motion for Preliminary Injunction.  Specifically, Plaintiffs Indiana University Chapter of Turning Point USA and Kyle Reynolds seek preliminary relief enjoining Defendants City of Bloomington, Indiana, Adam Wason, in his official capacity as Director of Public Works, and Kyla Cox Deckard, Beth H. Hollingsworth, and Dana Henke, in their official capacity as members of the Board of Public Works (collectively, "the City"), from enforcing against Plaintiffs the City's "right-of-way" policy, the enforcement of which prohibits Plaintiffs from painting their desired "All Lives Matter" mural on a city-owned street, which Plaintiffs allege violates, among other legal rights, their rights guaranteed by the First Amendment to the United States Constitution.

On June 13, 2022, after Plaintiffs' Motion for Preliminary Injunction (the "Motion") had been fully briefed, the City requested permission to file supplemental briefing on the Motion to discuss the implications of the United States Supreme Court's

1

opinion in *Shurtleff v. City of Boston, Massachusetts*, 142 S.Ct. 1583 (2022), which was issued while the Motion was pending, and to address rebuttal evidence submitted with Plaintiffs' Reply Brief in support of the Motion. The City's unopposed request to file supplemental briefing was granted and the City was permitted to file "a supplemental brief of no more than 25 pages … to address … the impact of the … opinion in *Shurtleff* …, and to address the newly submitted evidence in Plaintiffs' Reply Brief." Dkt. 26 at 1.

The City filed a 7-page supplemental brief on June 21, 2022, addressing the impact of the *Shurtleff* opinion, but not substantively addressing the rebuttal evidence submitted with Plaintiffs' reply brief. Instead, the City requests that Plaintiffs' new evidence and arguments be stricken because it was not proper for Plaintiffs to raise them for the first time in their reply. If the evidence is not stricken, the City alternatively requests that the Court establish a new briefing schedule to provide it an opportunity to address the newly designated evidence and arguments raised in Plaintiffs' reply brief.

We, like Plaintiffs, are somewhat mystified by the City's requests. As Plaintiffs point out, after the City's response in opposition to the Motion was filed, the parties agreed to an extension of the briefing period in order for Plaintiffs to serve, and the City to respond, to limited discovery requests connected with issues raised in the City's response brief. Prior to Plaintiffs filing their reply brief, the parties' counsel expressly discussed that Plaintiffs intended to introduce new evidence in their reply to address the City's contention in its response brief that it has not established a limited public forum for expressive activities, and that the City would need a sur-reply to address any new evidence submitted by Plaintiffs. Accordingly, the City was in no way caught unawares

2

by the fact that Plaintiffs designated new evidence in support of their reply. Moreover, contrary to the City's characterization, the new evidence and arguments raised in Plaintiffs' reply respond to issues raised by the City's response brief, which is proper in a reply. As such, the City's motion to strike is not well-taken.

The City's request that we set a briefing schedule so that it can address that evidence is equally puzzling as our stated purpose of permitting the City to file its supplemental brief was in part to allow it "*to address the newly submitted evidence in Plaintiffs' Reply Brief.*" Dkt. 26 at 1 (emphasis added). If the City intended to move to strike Plaintiffs' rebuttal evidence as opposed to address that evidence, the City should have separately filed such a motion rather than request supplemental briefing and include its request to strike in that brief. *See* S.D. Ind. L.R. 7-1(a) ("A motion must not be contained within a brief, response, or reply to a previously filed motion unless ordered by the court."). Nonetheless, to ensure the issues presented on Plaintiffs' request for preliminary injunctive relief are fully briefed, we will permit the City ten (10) days from the date of this Order within which to file a substantive response to the rebuttal evidence and arguments raised in Plaintiffs' reply. The City should not expect any further extensions of time to file such a response.

IT IS SO ORDERED.

Date: 8/11/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Bock, III
KROGER GARDIS & REGAS
wbock@kgrlaw.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com