UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA UNIVERSITY CHAPTER ) <br> OF TURNING POINT USA, ) <br> KYLE REYNOLDS, and ) <br> TIM WHEELER, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CITY OF BLOOMINGTON, INDIANA, ) <br> ADAM WASON, in his official capacity as ) <br> Director of Public Works for the City of ) <br> Bloomington, and KYLA COX DECKARD, ) <br> BETH H. HOLLINGSWORTH and DANA ) <br> HENKE in their official capacities as members ) <br> of the Board of Public Works of the City of ) <br> the Bloomington, Indiana, and MIKE ) <br> ROUKER, in his official capacity as City ) <br> Attorney for the City of Bloomington, Indiana, ) <br> ) <br> Defendants. ) | Case No. 1:22-cv-00458-SEB-TAB |

**BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST
ADAM WASON, KYLA COX DECKARD,
BETH HOLLINGSWORTH, DANA HENKE AND MIKE ROUKER**

Defendants, by counsel, respectfully submit this Brief in support of Defendants' Motion to Dismiss Claims Against Defendants Adam Wason, Kyla Cox Deckard, Beth Hollingsworth, Dana Henke, and Mike Rouker (the "individual Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs purport to bring claims against the Defendants for deprivation of their rights guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article I, Sections 9 and 23, of the Indiana Constitution. Plaintiff's Complaint names the City of Bloomington as a Defendant and also names five employees, or members of the Board of Public Works for the City as Defendants. The employee and board members are named only in their official capacity.

1

The official-capacity claims asserted against the individual defendants and brought under federal law are duplicative of a claim against Defendant City of Bloomington. The state law claims brought against the individual defendants are claims that sound in tort and are barred under the Indiana Tort Claims Act. In short, this case should have only one named Defendant – the City of Bloomington – not six named Defendants.

Plaintiffs have named the City of Bloomington as a Defendant in addition to their official-capacity claims against the five individually-named Defendants. The Amended Complaint makes no allegations against the five individually-named Defendants that is separate from the claims against the City of Bloomington. The Amended Complaint does not assert an individual capacity claim against the individual defendants; rather it only asserts official capacity claims. An official capacity claim against the individually-named defendants is actually a claim against the City of Bloomington. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. Here, the City of Bloomington has notice of this claim and has responded with an Answer and Affirmative Defenses.

Claims alleging a violation of the United States Constitution brought against a governmental entity and official-capacity claims brough against an official or employee of the governmental entity are redundant. *See Budd v. Motley*, 711 F.3d 840, 843–44 (7th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). The official-capacity claims against the five individually-named defendants are duplicative of the claim against the City of

Bloomington. Duplicative claims are typically dismissed as redundant. *See, e.g., Orr v. Ferebee*, 2017 WL 1509309, *2 (S.D. Ind., Apr. 27, 2017).

The Court should dismiss the redundant official-capacity claim against Adam Wason, Kyla Cox Deckard, Beth Hollingsworth, Dana Henke, and Mike Rouker. Plaintiffs should be permitted to proceed with their federal Constitutional claims only against the City of Bloomington.

To the extent the Complaint seeks to pursue state law constitutional claims, those claims only relate to the policy adopted by the City. [Dkt. No. 54, ¶178-222] There is no allegation that any individually-named Defendants acted in a way that violated the Indiana Constitution. As such, there is no state constitutional claim asserted against any of he individually-named Defendants. The failure to allege any facts to support a finding that the individually named Defendants engaged in conduct that violated the Indiana Constitution constitutes a failure to state a claim against the individually named Defendants.

Plaintiff should not be permitted to pursue duplicative federal claims against the City of Bloomington and five individual defendants named only in their official capacity. The duplicative federal claims should be summarily dismissed. Likewise, the factually-unsupported state constitutional claims against the individual defendants should be dismissed for failure to state a claim.

Defendants request that the claims asserted against the five individually-named Defendants – Adam Wason, Kyla Cox Deckard, Beth Hollingsworth, Dana Henke, and Mike Rouker – be dismissed for failure to state a claim. Defendants request all other appropriate relief.

Respectfully submitted,

*/s/ Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December 2023, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operations of the Court's Electronic filing system.

William Bock, III
wbock@kgrlaw.com
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204

*/s/ Liberty L. Roberts*
Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190 / F: (317)773-5320
Email: LRoberts@cchalaw.com