IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA UNIVERSITY CHAPTER OF TURNING POINT USA, et al., <br><br>        Plaintiffs, <br><br>    vs. <br><br> CITY OF BLOOMINGTON, INDIANA, et al., <br><br>        Defendants. | Cause No. 1:22-cv-00458-SEB-TAB |

**REPLY IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR RECONSIDERATION**

    The ALM mural the Plaintiffs proposed to the City in 2022 contained the universally recognized symbols of "a thin blue" and "a thin red line." [Dkt. 79 at 15, ¶ 36.] Moreover, Plaintiffs were advised by the City that they "had satisfied all of Defendants' criteria save one: the Defendants' demand that Plaintiff's mural not include, 'Words, letters, numbers, *universally recognized symbols*, or logos of any kind.'" [*Id.* at 19, ¶ 57 (emphasis added).] Defendants never disputed these facts. [Dkt. 80 at 2–12.] Plaintiffs, therefore, argued that the CARWP's anti-speech provision, *as a whole*, *i.e.*, "words and symbols," was content-based and used to deny their ALM mural application in 2023.

    Plaintiffs could never have reasonably anticipated that the Court would confine its analysis to only a part of the speech policy Plaintiffs challenged. In their summary judgment materials Defendants did not designate evidence claiming that

the ALM mural did not contain symbols. Nor did they designate evidence which supposedly confirmed that the City rejected the ALM mural solely on the basis that it contained words, without regard to symbols. Had the City designated such evidence, thereby raising the claim that only a portion of the policy had been applied in rejecting Plaintiffs' mural, which indisputably contained both words and symbols, Plaintiffs could have established a genuine issue of material fact and shown the Court that the mural does include recognized symbols. Plaintiffs were not required to argue that their symbols were universally recognized when Defendants never claimed they were not.

The fact that the Court misunderstood the record and did not realize the mural contained symbols led directly to the Court's error which was to analyze only a part of the City's public art placement policy when the Plaintiffs were challenging the entire policy. Such a misunderstanding is appropriate to address in a motion for reconsideration. Plaintiffs respectfully ask the Court to reconsider its Order.

I. **Plaintiffs Argued and Submitted Evidence Showing the Presence of Universally Recognized Symbols**

Defendants argue that Plaintiffs' Motion for Reconsideration "asserts for the first time that the 'thin blue and red lines' in the ALM mural constituted universally recognized symbols" and "[t]hat argument was not presented prior to this Motion" for Reconsideration. [Dkt. 95 (Response Brief) at 2.] Defendants also argue that even if this argument was presented on Summary Judgment, "there is no evidence in the record to support the assertion that those lines are a universally recognized symbol." (*Id.* at 2–3). This is all beside the point.

2

Both parties designated the December 19, 2022 ALM mural application that stated the letters ALM were "bisected by red and blue lines to show support for first responders." [Dkt. 93 at 15 (citing Dkt. 77-8 at 3 (Exhibit 134 at 3).] Plaintiffs repeatedly referred to the universally recognized symbols of the red and blue lines throughout their arguments both in support of their Motion for Summary Judgment and in opposition to Defendants' Motion for Summary Judgment. Plaintiffs repeatedly referenced "words and symbols" to argue that the CARWP's anti-speech provision prohibited both, which was a subject-matter restriction warranting strict scrutiny. [*Id.* at 16 (citing Dkt. 79 at 15, 28, 32–33; Dkt. 81 at 19, 22–25; Dkt. 83 at 9–10).]

Plaintiffs' arguments did not say more on the issue of symbols on Summary Judgment because the designated evidence was clear and Plaintiffs consistently argued the CARWP's anti-speech provision "as a whole" was applied to deny the ALM mural in 2023. [*Id.* at 16–17 (citing Dkt. 79 at 19–20, 20, 22, 30, 32–34; Dkt. 81 at 6, 10, 14; Dkt. 83 at 6, 9–10).]

Moreover, Defendants never stated as an undisputed material fact that the proposed ALM mural *did not* have any universally recognized symbols. To prevail on summary judgment, Defendants "must include a section labeled 'Statement of Material Facts Not in Dispute' containing the facts: (1) that are potentially determinative of the motion; and (2) as to which the movant contends there is no genuine issue." S.D. Ind. L.R. 56-1(a). Defendants never claimed the ALM mural did not contain universally recognized symbols in their Statement of Material Facts Not

3

in Dispute. [Dkt. 80 at 2–12.] Accordingly, Plaintiffs took Defendants at their word and did not submit a "Statement of Material Facts in Dispute" to call the Court's attention to any dispute over whether the thin blue and red lines in the ALM mural and specifically referenced in the application were universally recognized symbols. Rather, Plaintiffs were entitled to rely upon the uncontroverted evidence that the ALM mural contained universally recognized symbols because the designated evidence presented by both parties plainly shows that the ALM mural included a message about first responders, and that message was communicated solely through the presence of the recognized symbols of "red and blue lines to show support for first responders." There was no need to argue about whether the symbols were "universally" recognized because Defendants did not contend they were not. If Defendants had sought summary judgment on the issue of the absence of universally recognized symbols they would have designated evidence on this point and argued it in their brief. They did not.

Unfortunately, the Court misunderstood the evidence on whether the mural application referenced symbols at all, stating that "universally recognized symbols [did not] … appear[] in Plaintiffs' proposed mural" [Dkt. 89 at 39 n.10], and this misunderstanding of the facts led the Court to issue a ruling that addressed only part of the policy that the Plaintiffs were challenging. Indeed, the Parties briefing did not address the issues in the precise way that the Court ultimately decided. Therefore, reconsideration to consider whether the entire anti-speech provision is constitutional is appropriate.

4

## II. Defendants Rejected the ALM Mural by Applying the Entire Anti-Speech Provision, Including the Ban on Universally Recognized Symbols

Defendants now argue that "the evidence showed that the words and letters were the concern with th[e ALM] mural," not the presence of universally recognized symbols of the thin blue and red lines. [Dkt. 95 at 3.] But this argument ignores Plaintiffs' argument that the designated evidence shows that the entire anti-speech provision was applied, as a whole, to reject the ALM mural. [Dkt. 93 at 17–19]. It is immaterial that the Board may "never [have] referred to any universally recognized symbols in the proposed mural" as Defendants now argue. [Dkt. 95 at 4.] No one can reasonably dispute that "[t]he Board of Public Words denied the Application on the grounds that it was 'inconsistent with Section IV(B) of the Policy[,]'" as a whole. [Dkt. 77-6 ¶ 59.] The simple fact is that neither party sought to establish that there was no genuine issue of material fact as to every reason why the ALM mural was rejected that was any more specific than application of the anti-speech provision as a whole.

Moreover, if the Court's Order stands, then the CARWP will never be subjected to constitutional scrutiny when it is applied to any mural that includes both letters and universally recognized symbols. The Board of Public Words may simply omit any discussion of symbols from its analysis and say it is denying the mural because it has words. That cannot be how Courts apply First Amendment as-applied review.

## III. Plaintiffs Raised Manifest Errors of Fact and Law

Finally, Defendants incorrectly describe the Court's findings about the presence of universally recognized symbols in the ALM mural and the reason for the

5

Board's rejection of the mural as "errors of law" and not fact. [Dkt. 95 at 2.] But these errors were fundamentally factual, not legal, even though they led to an incorrect legal conclusion. This matters because the Court need only reconsider the evidence presented by the parties to correct these errors.

Moreover, Defendants' Reply does not even address the actual manifest error of *law* identified in the Motion, namely, that the Court performed its as-applied review to only a portion of the definition of "speech" in the CARWP rather than the anti-speech provision itself. This is the provision that Plaintiffs contend "gave rise to the" First Amendment burden, *TikTok Inc. v. Garland*, 145 S.Ct. 57, 68 (U.S. 2025), and should have been analyzed holistically by the Court. Defendants ignored this argument, waiving any response thereto.

## CONCLUSION

Plaintiffs respectfully request that the Court reconsider its Order, find that the ALM mural included universally recognized symbols, include the CARWP's ban on universally recognized symbols in its analysis, apply strict scrutiny to Defendants' application of the CARWP to deny the 2023 ALM mural application, and ultimately deny Defendants' Motion for Summary Judgment and grant Plaintiffs' Motion for Summary Judgment on Plaintiffs' viewpoint discrimination claim, and award all other just and appropriate relief.

Date: September 12, 2025                Respectfully submitted,

                                                **KROGER, GARDIS & REGAS, LLP**

*/s/ William Bock III*
William Bock III, Atty. No. 14777-49
Keith A. Butler, Atty. No. 27766-29
Justin R. Olson, Atty. No. 31450-49

ATTORNEYS FOR PLAINTIFFS

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I filed the foregoing *Reply in Support of Plaintiffs' Motion for Reconsideration* electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Liberty L. Roberts
> CHURCH CHURCH HITTLE + ANTRIM
> Two North Ninth Street
> Noblesville, IN 46060
> lroberts@cchalaw.com

> > */s/ William Bock III*
> > William Bock III

KROGER, GARDIS & REGAS
111 Monument Circle, Suite 900
Indianapolis, IN 46204
Phone: (317) 692-9000

8