UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA UNIVERSITY CHAPTER OF TURNING POINT USA, KYLE REYNOLDS, and TIM WHEELER,<br><br>　　　　Plaintiffs,<br>　v.<br><br>CITY OF BLOOMINGTON, INDIANA, DIRECTOR OF THE BLOOMINGTON DEPARTMENT OF PUBLIC WORKS ADAM WASON, in his individual capacity, and CITY ATTORNEY MIKE ROUKER, in his individual capacity,<br><br>　　　　Defendants. | Case No. 1:22-cv-00458-SEB-TAB |

## DEFENDANTS' OBJECTIONS TO PLAITNIFFS' FINAL EXHIBITS

Pursuant to the Court's Order [Dkt. 44], Defendants, by counsel, file their objections to the following exhibits identified on Plaintiff's Final Witness List [Dkt. 105].

1. **Objections on Hearsay and Relevance**.

Defendants object to Plaintiff's Trial Exhibits 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21, on the grounds of hearsay and relevance. Those exhibits are news articles and social media posts by third parties. Each of those articles relates to Black Lives Matter Murals painted in Bloomington in 2020 and 2021. Defendants understand the exhibits are offered for the purpose of asserting the content of the articles for the truth of the matters asserted in those articles and posts. The use of the articles for that purpose is prohibited by Federal Rule of Evidence, 801. Each exhibit is a statement made outside of court, and each is being offered in evidence to prove the truth of the matter asserted in the articles or posts. The articles do not fit within any exception to the hearsay rule.

Even if those exhibits were not hearsay, they would still be inadmissible under Federal Rule of Evidence 401. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. *See* FED. R. EVID. 401. There is only one legal claim (against three defendants) to be presented at trial. The sole legal issue is whether Kyle Reynolds' 2021 request for an ALM mural was denied based on viewpoint discrimination. That claim exists against three defendants: Michael Rouker, Adam Wason, and the City of Bloomington. The articles and posts do not relate to Kyle Reynolds' request, or to action taken by Michael Rouker or Adam Wason.

Defendants understand Plaintiffs intend to argue that the articles are relevant to show a policy or custom of the City on the *Monell* claim. However, the articles are not relevant to the *Monell* claim. They do not offer any showing a prior pattern of similar unconstitutional conduct.

Plaintiffs alleging a deprivation of their constitutional rights by a municipality may bring a claim under 42 U.S.C. § 1983 as explained in *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish municipal liability, the plaintiff must show the existence of an "official policy" or other governmental custom that not only causes but is the "moving force" behind the alleged deprivation of their constitutional right. *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). "A plaintiff can establish an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* at 834.

As this Court has found, the three BLM murals discussed in the exhibits were government speech. [Dkt. 89 at 34] The City was "speaking on its own behalf and 'purposefully

communicating a message of its own choosing' regarding the installation of all three BLM street murals. [*Id.*] The process that applied to that government speech is not evidence of a custom or practice on how it handles private art requests that are not government speech. The process by which the City approved the BLM murals – its own speech – is not evidence of an unconstitutional custom related to private citizens' requests for art in the public right of way. It is not evidence of how the City handled request for private citizens' speech; it is evidence of how the City handled its own speech.

The alleged "custom must be widespread and repeated, random acts or isolated incidents are insufficient to establish a custom." *Wade v. City of Miami Beach*, 565 F. Supp. 3d 1248, 1251(S.D. Fla. 2021) (quoting *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986)). "To establish a pattern, the plaintiff must show other incidents involving facts 'substantially similar to the case at hand.'" *Id*. The prior pattern must show similar constitutional violations resulting from the policy. *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 236 (7th Cir. 2021). Evidence of the BLM murals cannot show a prior pattern of a similar constitutional violation. The different type of speech – government speech, not private speech – means the handling of the BLM murals is not "substantially similar to the case at hand." *See Id*. Evidence related to the handling of the BLM murals cannot establish a custom under *Monell*

Evidence related to the BLM murals does not tend to make a fact more or less probable than it would be without the evidence; and (b) is not a fact of consequence in determining the First Amendment claims at issue. *See* FED. R. EVID. 401. The evidence is not relevant and not admissible under Evidence Rule 401.

2. **Objections on Relevance.**

In addition to the exhibits noted above, Defendants object to Plaintiff's Trial Exhibits 7, 8, 9, 10, 11, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 51, 52, 53, 54, 62, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 82, 83, on the grounds of relevance. These exhibits all relate to the BLM murals, or the new policy and procedure adopted by the City on December 20, 2022. As noted above, evidence related to the BLM murals is not relevant to any issue presented for trial. Simialrly, evidence of a policy adopted after Plaintiffs' 2021 request is not relevant to any issue presented for trial. The policy was adopted on December 20, 2022. That policy cannot be used as evidence to support a *Monell* claim. The after-adopted policy and procedure is not relevant to the existence of a policy or widespread custom in 2021. Additionally, it is not relevant to actions taken by Mike Rouker or Adam Wason in July and August 2021.

The evidence related to the BLM murals, and the policy and procedure adopted in 2022 does not tend to make a fact more or less probable than it would be without the evidence; and (b) is not a fact of consequence in determining the First Amendment claim at issue. The evidence is not relevant and not admissible under Evidence Rule 401.

Respectfully submitted,

*Liberty L. Roberts*
Liberty L. Roberts, Atty. No. 23107-49
Cassie N. Heeke, Atty. No. 36497-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this October 31, 2025, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operations of the Court's Electronic filing system.

William Bock, III
wbock@kgrlaw.com
Keith A. Butler
kbutler@kgrlaw.com
Justin R. Olson
jolson@kgrlaw.com
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204

*Liberty L. Roberts*
Liberty L. Roberts

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190
Email: LRoberts@cchalaw.com