UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA UNIVERSITY CHAPTER OF TURNING POINT USA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:22-cv-00458-SEB-TAB ) |
| CITY OF BLOOMINGTON, INDIANA, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Now before the Court is Plaintiffs' Motion for Reconsideration [Dkt. 92], filed pursuant to Federal Rule of Civil Procedure 54(b). "Although technically, a [m]otion to [r]econsider does not exist under the Federal Rules of Civil Procedure, Rule 54(b) of the Federal Rules of Civil Procedure 'governs non-final orders and permits revision at any time prior to the entry of judgment ….'" *Quality Leasing Co. v. Int'l Metals LLC*, No. 1:18-cv-01969-TWP-TAB, 2021 WL 252719, at *2 (S.D. Ind. Jan. 26, 2021) (quoting *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012)). Rule 54(b) generally serves "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). Such motions "are appropriate where the court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the court by the parties, or (3) made an error not of reasoning but of apprehension." *Freson v. Centerpoint Energy Inc.*, No. 3:19-cv-00075-MPB-RLY, 2020 WL 13574989, at *1 (S.D.

1

Ind. Dec. 8, 2020) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted).

Here, Plaintiffs argue that the Court's July 21, 2025 Order on Cross-Motions for Summary Judgment reflects two (related) manifest errors of fact and one manifest error of law that require reconsideration. The two errors of fact by the Court as identified by Plaintiffs are, first, that Plaintiffs' All Lives Matter ("ALM") mural application did not contain a universally recognized symbol, and second, that Defendants denied the ALM mural application in 2023 solely because it contained words and letters. Plaintiffs argue in their motion for reconsideration that, contrary to the Court's findings, the undisputed, designated evidence establishes that Plaintiffs' proposed ALM mural design *did* contain universally recognized symbols, to wit, a thin blue line and a thin red line which honored first responders, and that the ALM mural's words and letters "were merely a *sufficient* but not *exclusive* basis for Defendants to deny it under Section IV(B) of the City's 2022 Policy (*i.e.*, the "anti-speech provision")." Dkt. 92 at 1–2. Plaintiffs contend that the Court committed legal error by limiting its constitutional analysis only to the "words and letters" portion of the definition of "speech" in the City's 2022 Policy, rather than including the entirety of the anti-speech provision as a whole.

Plaintiffs had submitted to the Court a copy of their proposed ALM mural design, which they had previously submitted to the City and which included the words "All

2

Lives" bisected by a blue line and the word "Matter" bisected by a red line. Plaintiffs also stated in their summary judgment briefing that their proposed mural design incorporated a blue line and a red line as a symbol of their support for first responders. However, their submission did not embrace the contention that those lines constituted "universally recognized symbols" under the Policy, and Plaintiffs failed to develop any such argument in their summary judgment briefing. Further, neither side adduced any evidence on summary judgment that the City had at any point identified the red and blue lines of the design as being violative of the Policy's prohibition against "universally recognized symbols" in semi-permanent and permanent art, nor informed Plaintiffs that they would need to remove those lines from the design before the mural could be approved, nor denied Plaintiffs' mural application, in whole, or in part, because it included a universally recognized symbol in violation of the Policy's anti-speech provision.

 From the beginning, the primary focus of this litigation was on Plaintiffs' goal of displaying the "All Lives Matter" message to counter the City's "Black Lives Matter" street murals. The evidence adduced on summary judgment established that the Board of Public Works's denial of Plaintiffs' mural application, after determining that Plaintiffs' proposed design was "inconsistent with Section IV(B) of the Policy and Procedures on Private Art Installations within the Public Right of Way," was due to the fact that "[t]he proposal is for an art installation, the proposal is from a private actor, the proposal is to place art within the public's right of way, the proposal is semi-permanent or permanent art that is expected to remain in the right of way longer than seven days, *and the proposal*

3

*includes a request to paint the words 'All Lives Matter' within the right of way*." Dkt. 77-10 (emphasis added). The communications between Defendants Rouker and Wason and Plaintiff Reynolds prior to Plaintiffs submitting their mural application further buttress our conclusion that the mutual understanding between the parties with regard to the denial of Plaintiffs' application was that the City's objection to the proposed ALM mural was based on its inclusion of words and letters, not any universally recognized symbol(s). In response to being advised by Mr. Rouker that Plaintiffs could submit an alternative proposal that did not contain "speech," Mr. Reynolds responded, "We will not submit an alternative proposal that removes the words All Lives Matter." Dkt. 77-9 at 12. The record before the Court on summary judgment makes clear that neither side ever made mention of the red and blue lines that were incorporated within the design during the application process. Accordingly, the Court cannot be deemed to have committed a manifest error of fact in determining that Plaintiffs' ALM mural application was denied because it contained words and letters, not because it contained universally recognized symbols as well.

  To the extent Plaintiffs sought to include the red and blue lines in their proposed ALM mural and have them be considered universally recognized symbols vis-a-vis the Policy, this contention was never adequately developed by them, though it could have been, while the summary judgment motion was pending. Their after-the-fact theory is not a well-taken basis for reconsideration. Even if such a factual error had been committed by the Court, it did not lead to a manifest error of law as Plaintiffs contend, because there is no evidence that Plaintiffs' mural application was denied based on its use

4

of universally recognized symbols.  Therefore, as applied to Plaintiffs, the portion of the Policy that "g[a]ve rise to the" First Amendment burden was the anti-speech provision's prohibition on "words and letters" in semi-permanent and permanent art.  *TikTok, Inc. v. Garland*, 604 U.S. 56, 72 (2025).  Plaintiffs' claim of error by the Court would be at most an error of reasoning, not a misapprehension as is required for reconsideration.

For these reasons, Plaintiffs' Motion for Reconsideration is not well-taken and therefore <u>DENIED</u>.  The case shall proceed accordingly.

IT IS SO ORDERED.


Date:     11/4/2025                                         *[signature: Sarah Evans Barker]*

                                                                             SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Bock, III
KROGER GARDIS & REGAS
wbock@kgrlaw.com

Keith Andrew Butler
Kroger Gardis & Regas, LLP
kbutler@kgrlaw.com

Justin Olson
Kroger Gardis & Regas, LLP
jolson@kgrlaw.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com